**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CEBU GILMORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3339 |
| | § | |
| POLICE OFFICER N. SULLIVAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF PARTIAL DISMISSAL**

Cebu Gilmore is an inmate in the Harris County jail. He filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights by two Houston Police Officers, the Houston Chief of Police, the Harris County District Attorney, and a Texas state judge. He alleges that: the police officers used excessive force while arresting him and refused his requests for medical treatment; the District Attorney improperly sought an indictment against him; and the judge improperly issued a warrant.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no valid claims, the court must dismiss the complaint. For the following reasons, Gilmore's claims against all of the defendants other than the two arresting police officers must be dismissed.

## A.     Houston Police Chief

To prevail on his claims, Gilmore must demonstrate that each defendant was personally involved in an alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi,* 678 F.3d 344, 349 (5th Cir. 2012).   Gilmore acknowledges that Houston Police Chief Art Acevedo had no personal involvement in the alleged wrongdoing, but asserts liability based on Chief Acevedo's supervisory position. (More Definite Statement (Docket Entry No. 9) at 5).   It is well established, however, that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978). Therefore, Gilmore's claims against Chief Acevedo must be dismissed.

## B.     District Attorney

Gilmore alleges that Harris County District Attorney Kim Ogg pursued an indictment against him based on false witness statements.   "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).  Gilmore fails to state a claim against District Attorney Ogg.

## C.     Judge

Gilmore alleges that the judge of the 337th District Court in Harris County violated his rights by issuing a warrant.

> Over a century ago, the Supreme Court embedded judicial immunity into our jurisprudence. In *Bradley v. Fisher,* 1872, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646, the Court stated that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself". Therefore, the Court held that

"judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly". 80 U.S. at 351.

*Sparks v. Duval Cty. Ranch Co.*, 588 F.2d 124, 125 (5th Cir 1979). The judge is immune from suit.

### D.   Conclusion

Gilmore's claims against defendants Art Acevedo, Kim Ogg, and the judge of the 337th District Court are dismissed with prejudice under 28 U.S.C. § 1915A. The court will conduct further proceedings on Gilmore's remaining claims.

SIGNED on October 2?, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge